## AMERICAN MORTGAGE CORPORATION et al. v. BUSCH.
### No. 2979.

Court of Civil Appeals of Texas. El Paso.
Oct. 18, 1934.

Logan Ford and Worsham, Rollins, Burford, Ryburn & Hincks, all of Dallas, for appellants.

T. D. Kimbrough, of Midland, for appellee.

WALTHALL, Justice.

This case presents an appeal from an order of the county court of Ector county, overruling appellants' pleas of privilege to be sued in Dallas county, Tex.

Appellee, Paul F. Busch, brought this suit against Dewey Gann, American Mortgage Corporation, and American Finance Corporation, and alleges that appellee resides in Ector county; that Dewey Gann resides in Ector county; and that appellants American Mortgage Corporation and American Finance Corporation each reside in Dallas county, Tex.

Appellee's petition states that appellant American Mortgage Corporation had procured a judgment against him, in a justice of the peace court in Dallas county, in the sum of $34.50, and the foreclosure of a lien on his automobile, and had caused an order of sale to issue from the Dallas court and placed same in the hands of Constable Dewey Gann who had levied on said automobile and had taken it into his possession and advertised it for sale.

Appellee applied to and procured from the county court of Ector county a writ of injunction restraining the sale of the automobile pending his suit for damages.

Appellants, the two corporations, each filed a verified plea of privilege to be sued in Dallas county. The pleas are in the usual form of such pleas. Each states its residence to be in Dallas county and that no exception to the exclusive venue as to the county of one's residence as provided by law exists in said cause.

Each alleged that it is a private corporation within the purview of subdivision 23 of article 1995, R. C. S. of 1925; that the cause of action, or any part of it, asserted by plaintiff, did not arise in Ector county; and that it has no agency or representative of any kind or character in Ector county, and that its principal office is situated in Dallas county. Each prayed that the court sustain its plea of privilege.

In addition to the above, appellant American Mortgage Corporation pleaded substantially that appellee in his original petition seeks to enjoin appellants from executing an order of sale issued by E. John Baldwin, justice of the peace, precinct No. 1, place No. 1, Dallas county, by reason of a judgment having been entered in cause No. 2463, styled American Mortgage Corporation v. Paul F. Busch, wherein the constable or sheriff of Ector county is directed to seize and sell one 1929 Pontiac coupé automobile, motor No. 515552, license No. 1931, C—96316. That the court of

whose judgment the appellee is intending to enjoin the execution is located and situated in Dallas county, Tex., and that subdivision 17 of article 1995, Revised Civil Statutes of Texas, 1925, provides that suits to enjoin the execution of judgments or to stay proceedings in any suit shall be brought in any county in which such judgment was rendered or in which such suit is pending, and that under such provision of the statute, venue of the appellee's cause of action can be maintained only in Dallas county. This appellant pleaded that a copy of the judgment above referred to in his plea is attached to and made a part of his plea. The copy of the judgment above referred to in the plea is found in the record immediately following the plea.

Appellee, Busch, filed a verified controverting plea controverting the pleas of the two appellant corporations in which it is alleged in substance: Appellee has good reason to believe and does believe and so alleges that appellants' said plea is incorrect and that this court has venue on the following grounds, to wit: This suit is for damages, stating the amount, against the two appellants, naming them, and Dewey Gann, who resides in Ector county, caused by the wrongful levy by Dewey Gann on said automobile, which said writ was caused to be issued by the appellant; that this court has venue for the reason that Dewey Gann, one of the defendants in the suit, is a proper and necessary party to said damage suit because he levied on said automobile in Ector county, and lives in Ector county; and that under subdivision 4 of article 1995, R. C. S., this court has venue. That "this is not a suit to defeat a judgment obtained in a court in Dallas County, and to enjoin the execution of said judgment permanently but merely temporary until the rights of the parties are adjudicated in the damage suit."

The court overruled each of said pleas of privilege, to which each of appellants duly excepted and prosecute this appeal.

### Opinion.

There is no statement of facts in the record. The parties, however, have agreed upon a statement of facts, and "that upon appeal, this case may be decided upon the agreed statement as filed."

Omitting the formal parts of the agreement, it states:

"The following facts were proven: That at the time of filing this suit:

"1. Dewey Gann, one of the defendants therein, was a resident of Ector County, Texas.

"2. That said Dewey Gann was a constable and levied upon the plaintiff's automobile in Ector County, Texas.

"3. The American Mortgage Corporation was a private corporation with its principal office and residence in Dallas County, Texas, and that said corporation had no representative or agency in Ector County, Texas.

"4. That American Motors Finance Corporation was a private corporation with its principal office and residence in Dallas County, Texas, and that said corporation had no representative or agency in Ector County, Texas.

"We agree that this case, upon appeal, may be decided upon this agreed statement of facts, in accordance with the provisions of the statute, and determined accordingly."

The statement was approved, signed, and ordered filed by the county judge.

We have concluded that the record before us shows that it was error to overrule appellants' pleas of privilege.

The disposition of the case here must be made upon the agreed statement of the facts. Several of appellants' propositions are based upon assumed facts not found in the agreed statement of facts. It is agreed that appellants are residents of Dallas county and have no agents or representative in Ector county. Unless some fact is shown to bring the venue within one or more of the exceptions of the statute, the venue would properly be in Dallas county. Appellee relies upon two facts, viz., that the constable, one of the defendants, was a resident of Ector county, and that he levied upon appellee's automobile in Ector county.

There is nothing in the agreed statement of facts to indicate the character of the writ, if it was a writ, or by or under which the levy was made, or by whom or from what court the writ was issued, or what court is the judgment court to which the instrument under which the levy made was returnable. There is nothing in the record to which we can properly refer in this character of case from which we may know that either of appellants had obtained a judgment against appellee in Dallas county.

However, the burden is upon appellee to show the proper venue to be in Ector county. There is nothing in the statement of facts to show a wrongful levy upon the automobile, and we may not assume that the levy was wrongful. Unless the levy was wrongful, an intentional, active, unlawful act, it would not be a trespass under the venue statute. The record does not show that the injunction part of the suit to stay the further proceedings under the levy is brought in the judgment court.

Subdivision 17 of the venue statute (article 1995). The record not showing a wrongful levy, a trespass, the constable making a levy under a proper writ is not a necessary party to the suit.

There is nothing to show that any cause of action against appellants arose in Ector county, and, under subdivision 23 of the venue statute, appellants had the right, under their pleas, to have the suit in Dallas county, the county of their agreed residence.

For reasons stated, the case is reversed and judgment here rendered transferring the case to the Dallas county court at law, No. 1.